IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-240-KAJ |
| | ) | |
| STATE OF DELAWARE, ANDREW | ) | |
| VELLA, OFFICER MARC ALFREE, | ) | |
| OFFICER CPL SCOTT SIMPSON, | ) | |
| OFFICER PFC UNGER, OFFICER | ) | |
| SGT. R. SCHLECKER, OFFICER | ) | |
| GRAHAM, COURT OF COMMON | ) | |
| PLEAS FOR THE STATE OF | ) | |
| DELAWARE IN AND FOR NEW | ) | |
| CASTLE COUNTY, MAYOR BAKER, | ) | |
| NEW CASTLE COUNTY POLICE | ) | |
| DEPARTMENT, and SUPERIOR | ) | |
| COURT OF THE STATE OF | ) | |
| DELAWARE IN AND FOR NEW | ) | |
| CASTLE COUNTY AND ITS JUDGES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Ronald G. Johnson ("Johnson"), a former pretrial detainee at the Howard

R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to

42 U.S.C. § 1983, 1985, and 1986, the Federal Tort Claims Act ("FTCA"), and 18

U.S.C. § 241 and § 242. He appears *pro se* and was granted permission to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The Court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing without prejudice the claims

against the State of Delaware, Andrew J. Vella, the Court of Common Pleas for the

State of Delaware in and for New Castle County, Mayor Baker, the New Castle County

Police Department, and the Superior Court of the State of Delaware in and for New Castle County and its Judges as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Additionally, the claims brought pursuant to 42 U.S.C. § 1985 and § 1986, the FTCA, and 18 U.S.C. § 241 and § 242 are dismissed as frivolous.

## I.    THE COMPLAINT

Johnson alleges that on April 15, 2005, defendants Sgt. R. Schlecker ("Schlecker") and PFC Unger ("Unger") illegally entered his home and unlawfully arrested him.  (D.I. 5, pp. 2-3.)  He further alleges that on the same day, he was assaulted and attacked by Cpl. Scott Simpson ("Simpson").  *Id.* at pp. 4-5.  Johnson alleges that on the next day, Officer Graham ("Officer Graham") falsely stated that Johnson had been arraigned, and that he was held on cash bail without ever seeing a judge.  *Id.* at p. 6.  Johnson next alleges that Officer Marc Alfree ("Alfree") filed false charges against him.  *Id.* at pp. 8-10.

Johnson also alleges a denial of his right to equal protection, due process, and to a speedy trial.  *Id.* at pp. 16-17.  He alleges that during the pendency of the criminal matter he presented motions to dismiss the charges to the Superior Court Judges and State of Delaware Prosecutors, but that the judges did not address the issue, and the State, knowing they had no victim, would not dismiss the charges and continued to hold him.  *Id.* at p. 18.

Johnson alleges that Mayor Baker ("Mayor Baker"), as the person in charge of the police officers, can punish the officers and can sign a settlement of the claims.  *Id.* at p. 19.  Additionally, Johnson alleges that the New Castle County Police Department

is where the police officers work, and it can be made to pay for the actions of its employees. *Id.*

Johnson alleges that on April 22, 2005, he appeared for a preliminary hearing before the Court of Common Pleas in and for New Castle County, and at that time the prosecutor, Andrew J. Vella ("Vella") called to the stand a "false witness" (i.e., not the arresting officer). *Id.* at p. 20. Johnson alleges that he moved the Court of Common Pleas judge to dismiss the charges or *nolle prosse* them and the magistrate judge refused. *Id.* at p. 20. Johnson also takes exception to the conduct of the prosecutor during the examination of a witness. *Id.* at pp. 20-21. Johnson alleges that his right to equal process and due process was violated when the judge would not dismiss the charge and refused to give him a copy of the transcript of the preliminary hearing. *Id.* at p. 21. Johnson further alleges that the actions of magistrate judge, the prosecutor, and the testifying police officer "worked together a fraud" and allowed perjury which in turn, resulted in the case continuing[1]. *Id.* at p. 22. Johnson seeks compensatory damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails

---

[1]The state charges against Johnson were *nolle prossed* on April 21, 2006. *See Johnson v. Williams*, 06-231-KAJ, D.I. 3 (May 26, 2006).

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.    **ANALYSIS**

A.    **Eleventh Amendment Immunity**

Named as defendants are the State of Delaware, the Court of Common Pleas for the State of Delaware in and for New Castle County, and the Superior Court of the State of Delaware in and for New Castle County. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(*per curiam*)). The State of Delaware has not waived its

sovereign immunity under the Eleventh Amendment. *See Rodriguez v. Stevenson,* 240 F.Supp.2d 58, 63 (D. Del. 2002). Consequently, Johnson's claims against the State and its Court of Common Pleas and Superior Court have no arguable basis in law or in fact. The claims are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Judicial Immunity

Johnson alleges that the state court judges violated his constitutional rights when they did not address his motions to dismiss the state criminal charges brought against him. He also alleges that an unnamed magistrate judge violated his constitutional rights when, during the preliminary hearing, the magistrate judge would not dismiss the case even though false testimony was presented.

Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id*. at 11-12. The complaint contains no allegations that the unnamed judges acted outside the scope of their judicial capacity, or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11.

The unnamed judges are immune from suit for monetary liability under 42 U.S.C. § 1983. Johnson's claim lacks an arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-5-

### C.    Prosecutorial Immunity

Johnson alleges that prosecutor Vella put on a false witness at the preliminary hearing. In reading the complaint, it is obvious that Johnson is actually complaining that the police officer who testified at the preliminary hearing was not the arresting officer.

Initially, I note that at a preliminary hearing the rules of evidence permit the testifying officer to recount the hearsay statements of others, for the limited purpose of establishing probable cause. *Snowden v. Delaware*, 672 A.2d 1017, 1026 (Del. 1996); D.R.E. 1101(c). Moreover, prosecuting attorneys have absolute immunity for all activities relating to judicial proceedings inasmuch as prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Wilkinson v. Ellis*, 484 F.Supp. 1072, 1082 (E.D.Pa. 1980) (prosecutor's false testimony in court proceedings was subject to absolute immunity).

Vella has absolute immunity for his actions relative to the prosecution of Johnson. Accordingly, I am dismissing the claim against Vella, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), as it is brought against a defendant who is immune from suit.

### D.    Municipal Liability

Johnson sued the New Castle County Police Department because the defendant police officers work there. A cause of action exists for municipal liability when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

-6-

officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). A plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Johnson has not pled that the New Castle County Police Department was the "moving force" behind any alleged constitutional violation nor has he pled that there was a causal connection between any action of the New Castle County Police Department and the alleged deprivation of Johnson's federal rights. Absent any allegation that a custom or policy established by the New Castle County Police Department directly caused harm to Johnson, his § 1983 claim cannot stand. The claim against the New Castle County Police Department is frivolous and I am dismissing it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## E.   Respondeat Superior

Mayor Baker is a named defendant because he is allegedly the person in charge of the police officers, he can punish them for their actions, and he can sign for a settlement of the claims.[2] It is apparent that Johnson seeks to hold Mayor Baker liable on the basis of his supervisory position.

---

[2]Because Mayor Baker is the Mayor of the City of Wilmington, this allegation is inconsistent with the allegation that the police officers involved worked for the County.

Supervisory liability, however, cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Mayor Baker was the "driving force [behind]" Johnson's allegations or that he was aware of Johnson's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. The claim is frivolous, and I am dismissing it without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### F.    42 U.S.C. § 1985 and § 1986

Johnson invokes 42 U.S.C. § 1985 and § 1986 when he alleges, "had not the prosecutor put on fraud and perjury and if the officer refused to put on fraud, and had not the judge knowingly allowed them to commit fraud" the criminal case against him would have been dismissed. He alleges these actions worked together to commit a fraud and allowed perjury which resulted in the continuation of his criminal case. Johnson also attempts to state a cause of action against Officer Unger pursuant to § 1986 alleging that Unger kicked open the home of his door, also based upon fraud.

Section 1985(3) creates a cause of action against those who conspire to deprive persons of their rights or liberties. A claim for conspiracy under § 1985(3) must show

that the alleged conspirators did in fact violate the constitutional rights of the plaintiff. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Hudson v. Thornburgh*, 770 F.Supp. 1030 (W.D.Pa. 1991); *Dells, Inc. v. Mundt*, 400 F.Supp. 1293, 1298 (S.D.N.Y. 1975). As discussed above, the judicial officers and prosecuting attorney involved in Johnson's criminal case are immune from suit for actions taking by them, and hence, there is no constitutional violation. With regard to Unger, there are no allegations that he acted in a conspiracy; only that fraud occurred. As a result, Johnson has failed to establish a required element of an action brought pursuant to 42 U.S.C. § 1985.

Johnson also alleges a violation of 42 U.S.C. § 1986. Liability under 42 U.S.C. § 1986, which provides a cause of action for neglect to prevent conspiracy to interfere with a person's civil rights, is derivative of liability under 42 U.S.C. § 1985(3). Without violation of the latter, there can be no violation of the former. *Rogin vs. Bensalem Township*, 616 F.2d 680 (3d Cir. 1980); *Rourke vs. United States*, 744 F.Supp. 100 (E.D.Pa. 1988).

Accordingly, I am dismissing the claims brought under 42 U.S.C. § 1985 and § 1986 for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[3]

### G.    Federal Tort Claims Act

Johnson invoked a number of federal statutes in filing his complaint. One of the statutes he refers to is the "Tort Claims Act", apparently referring to the Federal Tort Claims Act ("FTCA"). The FTCA provides a cause of action against the United States

---

[3]This does not resolve all claims against Officer Unger, however.

for common law torts. 28 U.S.C. § 2674. Here, the United States is not a named defendant. Moreover, the actions Johnson complains of were allegedly committed by state actors. The claim is frivolous and I am dismissing it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### H.    18 U.S.C. § 241 and § 242

Johnson attempts to raise a claim under 18 U.S.C. § 241 and § 242. It is well settled that private citizens do not enjoy a private right of action under 18 U.S.C. § 241 or § 242. *Cito v. Bridgewater Twp. Police Dep't,* 892 F.2d 23, 26 n. 3 (3d Cir. 1989) (18 U.S.C. §§ 242 and 243 are criminal offenses, enforceable by the government rather than by citizen plaintiffs); *Leveto v. Lapina,* No. 98-143 ERIE, 2000 WL 331902, at *20 (W.D.Pa. Feb.5, 2000) (no private cause of action under 18 U.S.C. § 242 ). Johnson cannot maintain a civil cause of action under 18 U.S.C. § 241 or § 242 and I am dismissing the claims brought under these statutes.

### IV.    CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.    The claims against the State of Delaware, Andrew J. Vella, the Court of Common Pleas for the State of Delaware in and for New Castle County, Mayor Baker, the New Castle County Police Department, and the Superior Court of the State of Delaware in and for New Castle County and its Judges are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.      The claims raised under 42 U.S.C. § 1985 and § 1986, the Federal Tort

Claims Act, and 18 U.S.C. § 241 and § 242 are dismissed.

3.      Johnson has raised what appears at this point to be cognizable claims

against New Castle County Police Officers Marc Alfree, Cpl. Scott Simpson, PFC

Unger, Sgt. R. Schlecker, and Officer Graham.  He is allowed to PROCEED with the

claims.

IT IS FURTHER ORDERED that:

1.      The clerk of the court shall cause a copy of this order to be mailed to the

plaintiff.

2.      Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Ronald G. Johnson shall

complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the

**remaining defendants, Marc Alfree, Cpl. Scott Simpson, PFC Unger, Sgt. R.**

**Schlecker, and Officer Graham,** as well as for the **Chief Executive Officer for New**

**Castle County.**  Additionally, Johnson shall provide the Court with one copy of the

complaint (D.I. 1) for service upon the remaining defendants.  Johnson has provided

copies of the supporting brief.  (D.I. 5.)  **Furthermore, Johnson is notified that the**

**United States Marshal will not serve the complaint (D.I. 1) and the supporting**

**brief (D.I. 5) until all "U.S. Marshal 285" forms have been received by the clerk of**

**the court.  Failure to provide the "U.S. Marshal 285" forms for the remaining**

**defendants and the chief executive officer for New Castle County within 120 days**

**of this order may result in the complaint being dismissed or defendants being**

**dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

-11-

3.      Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 1), the supporting brief (D.I. 5), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendant(s) so identified in each 285 form.

4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.      **NOTE: \*\*\*** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**.  An

amended complaint filed prior to service shall be subject to re-screening pursuant to 28

U.S.C. §1915(e)(2) and § 1915A(a). **\***

     8.    **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel

filed prior to service will be dismissed without prejudice, with leave to refile following

service. **\***

UNITED STATES DISTRICT JUDGE

June 15, 2006
Wilmington, Delaware

-13-