IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-240 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| STATE OF DELAWARE, ANDREW VELLA, OFFICER MARC ALFREE, OFFICER CPL SCOTT SIMPSON, OFFICER PFC UNGER, OFFICER SGT. R. SCHLECKER, OFFICER GRAHAM, COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, MAYOR BAKER, NEW CASTLE COUNTY POLICE DEPARTMENT, and SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY AND ITS JUDGES, | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS ALFREE, SIMPSON, UNGER,
SCHLECKER, GRAHAM AND NEW CASTLE COUNTY**

Defendants Marc Alfree, Scott Simpson, James Unger, Robert Schlecker, Michael Graham and New Castle County Answer the Complaint and admit, deny, and allege as follows:

1. "Statement of the Claims against Sgt. Schlecker"

(a) Denied.

(b) Denied.

(c) To the extent that Plaintiff has set forth, with typographical errors, the content of the Fourth Amendment to the United States Constitution, no responsive pleading is required.

(d) Denied.

(e) Denied.

  (f) To the extent that Plaintiff alleges he attached a copy of the police report of Officer Unger to the Complaint, no responsive pleading is required. The remaining allegations contained in Paragraph 1 (f) of the Complaint are denied.

  2. "Statement of the Claims against Cpl. Simpson"

  (a) Denied.

  (b) Denied.

  (c) Denied.

  (d) Denied.

  (e) To the extent that Plaintiff alleges he attached a copy of the police report of Cpl. Simpson to the Complaint, no responsive pleading is required. The remaining allegations contained in Paragraph 2 (e) of the Complaint are denied.

  (f) To the extent that Plaintiff attempts to quote from the police report of Cpl. Simpson, no response is required. To the extent a response is required, any allegation is denied.

  (g) To the extent that Plaintiff attempts to quote from the police report of Cpl. Simpson, no response is required. To the extent a response is required, any allegation is denied.

  (h) To the extent that the allegations of this paragraph are directed toward Answering Defendants, denied.

  3. "Statement of the Claims against Officer Graham"

  (a) Denied.

  (b) Denied.

  (c) To the extent that Plaintiff alleges he attached a copy of the police report of Ofc. Graham to the Complaint, no responsive pleading is required. The remaining allegations contained in Paragraph 3 (c) of the Complaint are denied.

  (d) Paragraph is missing.

(e)   Paragraph is missing.

"Statement of the Claims against Officer Unger"

(f)   Denied.

(g)   Denied.

4.   Statement of the Claims against Officer Alfree

(a)   Denied.

(b)   Denied, as to all subparts.

(c)   Denied.

(d)   This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

(e)   This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

(f)   Paragraph is missing.

(g)   Paragraph is missing.

(h)   Denied.

(i)   This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

(5)   "Relationship of all Parties Victim and Friends"

(a)   This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

6.   To the extent that Plaintiff has set forth, with typographical errors, the content of the Fourth Amendment to the United States Constitution, no responsive pleading is required.

7.(a)   Denied.

(b)   Denied.

(c) Denied.

(d) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

(e) Denied.

(f) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

8.(a) Denied.

(b) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

9.(a) Denied.

(b) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

10.(a) Denied.

(b) Denied.

(c) Denied.

11.(a)-(j) The allegations contained in this Paragraph are not directed toward Answering Defendants and, as such, no response is required. If any such allegations are deemed directed at Answering Defendants, denied.

12. The allegations contained in this Paragraph are not directed toward Answering Defendants and, as such, no response is required. If any such allegations are deemed directed at Answering Defendants, denied.

13. The remainder of the Complaint, pages 19-27, falls under Paragraph numbered 13. The averments contained in Paragraph 13 speak for themselves, and as such, no response is required. To the extent that the allegations contained in this Paragraph are not directed toward

Answering Defendants, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The claims alleged in the Complaint fail to state a federal or state claim upon which relief can be granted.

#### Second Affirmative Defense

The claims alleged in the complaint are barred by the doctrine of sovereign immunity. 10 *Del.C.* § 4010, *et seq.*

#### Third Affirmative Defense

Plaintiff's damages, if any, under State law are limited by 10 *Del.C.* § 4013, *et seq.*

#### Fourth Affirmative Defense

The County and Answering Defendants, in their official capacities are immune from liability for punitive damages.

#### Fifth Affirmative Defense

Answering Defendants were not negligent, reckless, willful, wanton, unlawful or malicious.

#### Sixth Affirmative Defense

Any damages or injury, constitutional or otherwise, suffered by Plaintiff, to the extent actually incurred, were not caused by any conduct, action, inaction, policy or custom of Answering Defendants.

**Seventh Affirmative Defense**

The actions and conduct of Answering Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances, and as such, Answering Defendants enjoy qualified immunity from all liability therefore.

**Eighth Affirmative Defense**

The actions and conduct of Answering Defendants did not violate any clearly established constitutional, federal, statutory or other rights of which Answering Defendants reasonably should have been aware, and as such, Answering Defendants are entitled to qualified immunity.

**Ninth Affirmative Defense**

The actions and conduct of Answering Defendants, to the extent they occurred as alleged, were undertaken in a good faith performance of official duties, without wantonness or malice, and were therefore, privileged under applicable State law.

**Tenth Affirmative Defense**

The force allegedly used by Answering Defendants did not rise to the level of a constitutional violation and therefore, Plaintiff did not suffer any infringement of his constitutional rights.

**Eleventh Affirmative Defense**

Plaintiff is not entitled to the relief petitioned for in the Complaint or any other relief by virtue of the matters and admissions of the Plaintiff set forth in the Complaint.

**Twelfth Affirmative Defense**

Collateral estoppel and res judicata.

### Thirteenth Affirmative Defense

Any injury or damages suffered by the Plaintiff, to the extent actually incurred, were caused by reason of the Plaintiff's own wrongful and/or unlawful conduct and acts, reckless misconduct and/or negligence.

### Fourteenth Affirmative Defense

The use of force by the Answering Defendant officers was justified under constitutional and state law.

### Fifteenth Affirmative Defense

Plaintiff assumed the risk of a known danger.

### Sixteenth Affirmative Defense

Answering Defendants' actions were based upon probable cause and were justifiable.

## CONCLUSION

WHEREFORE, Answering Defendants respectfully request that this Court dismiss the Complaint with prejudice and enter judgment in favor of Defendants, and award Defendants reasonable attorneys fees and costs of suit and other such relief as the Court deems just and proper.

    /s/   Judith A. Hildick
Julie M. Sebring (Id. # 2259)
Judith A. Hildick (Id. #  3244)
New Castle County Law Department
87 Reads Way, New Castle, DE  19720
(302) 395-5130
*Attorneys for Answering Defendants Officer Marc Alfree, Cpl Scott Simpson, Officer James Unger, Sgt. Robert Schlecker, Officer Michael Graham and New Castle County*

    /s/   Ronald Stoner
Ronald Stoner (Id. # 2818)
1107 Polly Drummond Plaza
Newark, DE 19711
(302)369-6400
*Attorney for Answering Defendants Officer Marc Alfree, Cpl Scott Simpson, Officer James Unger and  Sgt. Robert Schlecker*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-240 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| STATE OF DELAWARE, ANDREW VELLA, OFFICER MARC ALFREE, OFFICER CPL SCOTT SIMPSON, OFFICER PFC UNGER, OFFICER SGT. R. SCHLECKER, OFFICER GRAHAM, COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, MAYOR BAKER, NEW CASTLE COUNTY POLICE DEPARTMENT, and SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY AND ITS JUDGES, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Judith A. Hildick, First Assistant County Attorney hereby certify that on September 11, 2006, I electronically filed the foregoing "Answer of Defendants Alfree, Simpson, Unger, Schlecker, Graham and New Castle County" with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Ronald G. Johnson
> SBI#182421 Pro Se
> HRYCI
> P.O. Box 9561
> Wilmington, DE 19809

>      /s/   *Judith A. Hildick*
> JUDITH A. HILDICK
> First Assistant County Attorney
> (Delaware Bar No. 3244)
> New Castle County Law Department
> 87 Reads Way, New Castle, DE 19720

Telephone: (302)395-5130