In The United States District Court
For The District OF Delaware



Ronald G. Johnson
    Plaintiff

State OF Delaware et al.,

Civil Action No. 06-240-K.A.J.

"Response To Court Ordered Telephonic Scheding Conference"

," And Response To The Scheduling Order OF Defendants Counsel"

1.) " List of Discovery The Plaintiff Will Provide To Defendants And Their Counsel"

  a.) I have provided a very small but major amount of Discovery with my Civil Action Lawsuit Complaint

  b.) I have "16 inches more" of papers and Exhibits that will be introduced at trial. This evidence will be shown and given to the Court and Defendant's attorney, or Copies will the next available chance I get they were picked up and is at my house. I can not get them at this time at lest not in time for this Hearing

2.) " The Basic Content OF The 16 Inches OF Discovery Documents"

  a.) The basic Content of the 16 Inches of Discovery documents

is Motions that was Filed. This will Show the hard fight for my life these False Charge and illegal Search and Seizure breakin Caused, the damage it Cause, and the length of time in Prison it Cause. "I am Still in jail as a result", What a Complex situation it Put me in and my Losses et. al.,.

b) Further Major evidence: Statements of Doctors and Nurses Stating the officers told them the unlawful imprisonment that they accuse me of happen at a gas Station blocks away by someone else. Furth proving the Charge were false and the grounds the officer used to illegally Kick in my door was false et. al.,

c.) Witness(es): I have a large list of witness (Friend and Family), Charater witness And witness who have been in my homes when my ex-girlfriend and my Future wife (may-be) Michelle Roebuck had Call the officers. The bust a window and the knocked dents in my door with Stick or hard objects and Look in numerous Window around and back of house twisted door knob on many different accations Mainly a 72 Simond drive their is record of their numerous Calls and Coming to my residence there, Probly 16 witnesses in all. (Some Saw everything)

<u>Concluding Discovery For Defendants</u>

Soon as possible I will make available to Defendant's Counsel Full discovery, I will do this before December 1, 2006

3.) "<u>Joinder Of Other Parties And Amendment Of Pleading</u>"

a.) I will in the Future File a Amendment of every party that the Court dismissed.

②

I will either Amend the same parties the Court Dismissed or file a whole entire new lawsuit against those parties.

b.) The judge made a error and dismissing those parties simply explaining

c) Re: Kalina v. Fletcher 522 U.S. 118 A Prosecuter, Nor Judge has absolute immunity. Fraud was Present knowingly by the Prosecuting attorney. They Judge knowingly excepted it. The Judge further errored in claiming I must prove a Conspiracy for to Suceed in a Claim of Title 42 USC #1985. That's not true all I have to prove is bias and prejudice unaninus. The State of Delaware can be sued for the Policy and practice of it Officers and administrative Staff, The Policy that officers should arrest a party when Call in regards to a demestic dispute and it practice to make it be the male, mainly black males is un Constitutional Practice.

"Concluding On Amending Parties"

All parties will be prosecuted if this case is not settled.

4.) "Other Plaintiffs Wish To Be Joined In The Prosecution"

a.) Michelle A. Roebuck my future wife wants and has a monetary interest in this Case. When I was arrested she became homeless.

b.) Sharee Roache my daughter has a monetary interest She received money from me regularly

c.) Ethel Johnson has a interest she received money from me regularly

d.) Kay Carridice has a monetary interest she received money from

③

me regularly

e.) My numerous Family member neices, nephews, friends everybody benefited from me monetory, Social and personaly. They all lost out from this illegal false arrest.

### Conclusion

They all want me to represent there lost and losses and I will Compensate them if or when I win. They will all be there to testify to this fact.

5.) "Discover Request By Plaintiff From The Defendants"

a) I have a small list of Discovery. It is in my 16 inches of Legal Documents I will file it in the Court before December 1, 2006

b) I request a Copy of the Defendant response to my Civil Action Lawsuit Complaint. The Court "Ordered" them to send in a response. I never got Serve a Copy.

6.)    "Expert Testimony"

I intend on putting on at lest one Lawyer or paralegal to testify as to mainly a officer and lawyer would not have done the actions of the officer and lawyers, and as to Common Sense of people.

7.) "There Is No Need For A Protective Orders"

8.) "Plaintiff Request To Know Of Any Papers Under Seal"

9.) "Plaintiff has no Papers To Be Filed Under Seal"

10.) Settlement Conference : Conference may not be needed. I make a settlement offer of ($100.000) One hundred Thousands dollars.

(4)

This suit for ($500,000) Five Hundred Thousand Compensation for lost, damages, suffering, mental suffering I am still in prison as a result of this illegal and unlawful arrest. I can prove my case beyond a doubt so I am not playing a game of talk down. I have cut the suit down to One hundred thousands. I am still angry and willing to go to trial for all sued for.

11.) <u>Interim Status Report,</u> by December 10, 2006

12.) <u>Status Conference</u>. On December 10, 2006

13.) <u>Case Depositive Motions</u> by December 15, 2006

14.) <u>Pretrial Conference</u> on January 1, 2007 and <u>Final Conference</u>

15.) <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Filed on or by December 27, 2006. To be reviewed on January 1, 2007

16.) <u>Trial</u>, January 15, 2007 for 2 days, 10 hours.

"<u>Certifacate of Service</u>" (And) "<u>Oath And Affidavit</u>"

I Declare that the foregoing is true and correct under penalty of perjury. I further Declare that a true and full copy was serve on Defendant(s) Counsel Julie M. Sebring Assistant County Attorney.

Declared October 19, 2006      Sign Ronald Johnson

(5.)



Ronald G. Johnson
04431-015
Federal Detention Center
P.O. Box 562
Philadelphia, Pennsylvania 19106

"Legal Mail"
United States District Court
For The District of Delaware
844 N. King Street
Wilmington, Delaware 19801

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-240-KAJ |
| | ) | |
| STATE OF DELAWARE, ANDREW | ) | |
| VELLA, OFFICER MARC ALFREE, | ) | |
| OFFICER CPL SCOTT SIMPSON, | ) | |
| OFFICER PFC UNGER, OFFICER SGT. | ) | |
| R. SCHLECKER, OFFICER GRAHAM, | ) | |
| COURT OF COMMON PLEAS OF THE | ) | |
| STATE OF DELAWARE IN AND FOR | ) | |
| NEW CASTLE COUNTY, MAYOR BAKER, | ) | |
| NEW CASTLE COUNTY POLICE | ) | |
| DEPARTMENT, and SUPERIOR COURT | ) | |
| OF THE STATE OF DELAWARE IN AND | ) | |
| FOR NEW CASTLE COUNTY AND ITS | ) | |
| JUDGES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER FOR SCHEDULING CONFERENCE**

At Wilmington, this 12th day of October, 2006

IT IS ORDERED that:

1. A telephonic scheduling conference to be initiated by defendants' counsel shall be held on **October 31, 2006 at 10:00 a.m.** See D. Del. LR 16.2.

2. Prior to the telephone conference scheduled herein, the parties shall confer pursuant to Fed.R.Civ.P. 26(f) and shall submit a joint discovery plan to the undersigned not later than three (3) business days prior to the conference with the Court. The discovery plan shall conform to the form of scheduling order previously

issued. Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) need not be made prior to the teleconference with the Court.

3. At the teleconference with the Court, all parties shall be represented by counsel who shall have full authority to bind their clients in all pretrial matters.

4. If any party enters an appearance after the date of this order and before the teleconference set by this order, counsel for plaintiff shall notify said party of the teleconference and forward to that party a copy of these materials.

5. The parties shall advise the undersigned immediately if this matter has been settled or terminated so that the scheduled teleconference may be canceled.

_____
UNITED STATES DISTRICT JUDGE

| Christopher A. Coons<br>County Executive |  | Gregg E. Wilson<br>County Attorney |
|---|---|---|

## OFFICE OF LAW

October 16, 2006

**Inmate: Ronald G. Johnson**
04431-015
FDC - Philadelphia
P.O. Box 562
Philadelphia, PA 19106

        RE:    *Johnson v. Alfree, et al*
                Civil Action No. 06-240 KAJ

Dear Mr. Johnson:

      Reference is made to the above-captioned civil matter. I have enclosed herewith two copies of a form scheduling order. According to the court rules, we must confer about the dates that we will propose for the court's scheduling order prior to the scheduling teleconference with the judge. Kindly review the enclosed scheduling order and fill in your proposed dates. Please forward to my attention one copy of your proposed scheduling order. I have enclosed herewith a self-addressed, stamped envelope for this purpose.

      Please be advised that Judge Jordan set a scheduling teleconference for October 31, 2006 at 10:00 a.m. I will need to receive your proposed dates well in advance of the October 31, 2006 court teleconference. Upon my receipt and review of the dates proposed by you, I will endeavor to arrange a teleconference with you in order to discuss these issues, if necessary.

                                                    Very truly yours,

                                                   Julie M. Sebring
                                                   Assistant County Attorney

JMS:sld

Enclosures

cc: Ronald L. Stoner, Esq. (w/o enc.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-240-KAJ |
| | ) |
| STATE OF DELAWARE, ANDREW VELLA, OFFICER MARC ALFREE, OFFICER CPL SCOTT SIMPSON, OFFICER PFC UNGER, OFFICER SGT. R. SCHLECKER, OFFICER GRAHAM, COURT OF COMMON PLEAS OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, MAYOR BAKER, NEW CASTLE COUNTY POLICE DEPARTMENT, and SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY AND ITS JUDGES, | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

This ___ day of _____, 200_, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 200_, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this

Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 1, 2006.

3. <u>Discovery</u>

a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 0 hours of taking testimony by deposition upon oral examination.

b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before December 1, 200_. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   d. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   e. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7. <u>Interim Status Report</u>. On December 10, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

4

8. <u>Status Conference</u>. On December 10, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10:00 a.m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before December 15, 2006. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On January 1, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ____ .m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before December 15, 2007.

12. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.

Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14.    Trial. This matter is scheduled for a _2_ day _s_ trial beginning at 9:30 a.m. on _January 15_, 200_7_. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of _10_ hours to present their case.

_____
UNITED STATES DISTRICT JUDGE