IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON a/k/a RONALD E. )
JOHNSON, )
)
Plaintiff, )
) Civil Action No. 06-240-KAJ
v. )
)
STATE OF DELAWARE, ANDREW )
VELLA, OFFICER MARC ALFREE, )
OFFICER CPL SCOTT SIMPSON, )
OFFICER PFC UNGER, OFFICER SGT. )
R. SCHLECKER, OFFICER GRAHAM, )
COURT OF COMMON PLEAS OF THE )
STATE OF DELAWARE IN AND FOR )
NEW CASTLE COUNTY, MAYOR BAKER, )
NEW CASTLE COUNTY POLICE )
DEPARTMENT, and SUPERIOR COURT )
OF THE STATE OF DELAWARE IN AND )
FOR NEW CASTLE COUNTY AND ITS )
JUDGES, )
)
Defendants. )

## SCHEDULING ORDER

This 31st day of October, 2006, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a) on October 31,

2006, and the parties having determined after discussion that the matter cannot be

resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this

Order.  If they have not already done so, the parties are to review the Court's Default

Standard for Discovery of Electronic Documents, which is posted at

http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc

Committee for Electronic Discovery), and is incorporated herein by reference.

      2.      Joinder of other Parties and Amendment of Pleadings.  All motions to join

other parties, and to amend or supplement the pleadings shall be filed on or before

December 29, 2006.

      3.      Discovery

      a.      Limitation on Hours for Deposition Discovery.  The parties agree

that no limitation on deposition discovery is necessary.

      b.      Location of Depositions.  Any party or representative (officer,

director, or managing agent) of a party filing a civil action in this district court must

ordinarily be required, upon request, to submit to a deposition at a place designated

within this district.  Exceptions to this general rule may be made by order of the Court.

A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff

shall be considered as having filed an action in this Court for the purpose of this

provision.

      c.      Discovery Cut Off.  All discovery in this case shall be initiated so

that it will be completed on or before June 29, 2007.  The Court encourages the parties

to serve and respond to contention interrogatories early in the case.  Unless otherwise

ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be

strictly observed.

      d.      Disclosure of Expert Testimony.  Unless otherwise agreed to by the

parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of

expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        e.     Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.   Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

        4.     Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to

reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference.  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7.    Interim Status Report.  On April 26, 2007, counsel and plaintiff shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    Status Conference.  On May 3, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m.  Defendants' counsel shall initiate the telephone call.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so

4

notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 30, 2007.  Briefing will be presented pursuant to the Court's Local Rules.

10.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    Pretrial Conference.  On January 15, 2008, the Court will hold a Final Pretrial Conference in Courtroom 6A with plaintiff and counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before December 17, 2007.

12.    Motions *in Limine*. Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and

may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14.     Trial. This matter is scheduled for a 3 day jury trial beginning at 9:30 a.m. on February 19, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 7.5 hours to present their case.

UNITED STATES DISTRICT JUDGE

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON, a/k/a RONALD E.　)
JOHNSON,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Civil Action No. 06-240-KAJ
　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
STATE OF DELAWARE, ANDREW　　　　　　)
VELLA, OFFICER MARC ALFREE,　　　　　　)
OFFICER CPL SCOTT SIMPSON,　　　　　　)
OFFICER PFC UNGER, OFFICER SGT.　　　　)
R. SCHLECKER, OFFICER GRAHAM,　　　　　)
COURT OF COMMON PLEAS OF THE　　　　　)
STATE OF DELAWARE IN AND FOR　　　　　)
NEW CASTLE COUNTY, MAYOR BAKER,　　　)
NEW CASTLE COUNTY POLICE　　　　　　　)
DEPARTMENT, and SUPERIOR COURT　　　　)
OF THE STATE OF DELAWARE IN AND　　　　)
FOR NEW CASTLE COUNTY AND ITS　　　　　)
JUDGES,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　　)

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to

Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**


**Defendant(s) Counsel:**


I.　　　**Nature of the Case**

The parties should prepare a brief statement of the nature of the case including the

claims of the parties (personal injury, federal tort claim, breach of contracts, etc.).　The

principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.

## II.    Jurisdiction

A.    This is an action for:

(State the remedy sought, such as damages, injunctive or declaratory relief.)

B.    The jurisdiction of the Court is not disputed (or, if the issue has not previously been raised, the basis on which jurisdiction is contested).

1.    If not disputed, state the statutory, constitutional or other basis of jurisdiction.

## III.    Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

(This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury.)

## IV.    Agreed to Issues of Law

The parties agree that the following are the issues to be decided by the Court:

## V.    Witnesses (Please note those who will testify by deposition.)

A.    List of witnesses the plaintiff expects to call, including experts:

1.    Expert witnesses.

2.    Non-expert witnesses.

B.    List of witnesses defendant expects to call, including experts:

       1.     Expert witnesses.

       2.     Non-expert witnesses.

    C.    If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

    D.    **Rebuttal Witnesses**. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI.    Exhibits

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

## VII.    Damages

An itemized statement of all damages, including special damages.

## VIII.    Bifurcated Trial

Indicate whether the parties desire a bifurcated trial, and, if so, why.

## IX.    Trial Briefs

Motions *in limine* shall not be separately filed. Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.

Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

**X.      Limitations, Reservations and Other Matters**

A.      **Length of Trial**. The probable length of trial is _____ days. The case will be listed on the trial calendar to be tried when reached.

Mark appropriate box:      Jury_____
                          Non-jury_____

B.      **Number of Jurors**. There shall be six jurors and _____ alternate jurors.

C.      **Jury Voir Dire**. The Court will conduct voir dire. If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)

NOTE:       Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified.  The initial page may be modified to reflect the joinder.  List attorney's name, address, and telephone number.