In The United States District Court
For The District Of Delaware

Ronald E. Johnson )
VS )
State of Delaware, ) Civil Action No: 06-240
Officer Marc Alfree et.al., )

**FILED**
DEC 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(R) scanned

## Motion For Judgement On The Pleadings And Merits In Favor Of The Plaintiff For One Hundred Thousand Dollars Partual Payment Of This Five Hundred Thousand Dollars Lawsuit

1.) Comes Now, The Plaintiff Ronald E. Johnson and Moves this Honorable Court to Order the Defendant to pay Me One Hundred Thousand Dollars by Judgement on the Pleadings and Merits in Favor of the Plaintiff Partual payment of this Five Hundred Thousand Dollars lawsuit. For This 4th Amendment Constitutional Federal Civil Rights Violations of Illegal Search and Seizure, Invasion of Privacy and Fraud et.al.,
See 42 USC 1983

2.) "Statement Of The Facts"

a) The Defendants has presented "No Defense" to Plaintiff's

Claims that the officers kicked in his home door without a warrent, Search warrent, Probable Cause, or reasonable bases.

"Administrative Notice"

b.) The Defendants Statement "Denied" do not state a valid defense to Plaintiff's Claims of illegal Search and Seizure and invasion of privacy. It do not justify or State a Defense as to How the Defendants Constitutionaly broke and looked in my Home without a warrent, Search warrent, Probable Cause, or reasonable bases

c.) The Defendants "Affirmative Defenses" do not state a valid defense to Plaintiff's Claims of illegal search and Seizure and invasion of privacy. They do not justify or state a defense as to how Defendants Constitutionaly broke in, or looked in my home without a warrent, Search warrent, Probable Cause, or reasonable bases, Nor do it state how any of the officers Conduct was Constitutional.

3.) "Evidence In Favor Of Plaintiff"

a.) The Plaintiff presents evidence Supporting all of his Claims against officers. The Plaintiff uses the most Credible and Powerful evidence and information that Could be found. Plaintiff uses the

Page (2)

Polices own Police Reports and their own affidavits to support his claims. The Officers own Police Reports and sworn affidavits states They had my house surrounded looking in every widdow. All officer states my home door(s) was kicked open without a warrent, Search warrent, without Probable Cause or reasonable bases. The Police Reports and Affidavits Further state the growns used to kick in my home doors was based on Fraud and false information.

4.) <u>Statement OF The Facts</u>

a.) The Officers made up three false Statement in a Conspiracy to Violate my 4th Amendment Constitutional Federal Civil Rights to <u>not</u> have my home broken into without officer having a warrent, Search warrent, Probable Cause or Reasonable Bases
See: 42 USC 1983, 1985 and 42 USC 1986

b.) The Officers lied to their Superiors that I told them that I had a knife and said I was going to hurt myself. More or less or Should I Say Superior officer Sgt. Schlecker (bg#2296) lied to the other officers and said I had a knife and had threaten to hurt myself and had barracaded myself in the house. That is why officer PFC Unger (bg.#2478) kick in my house door.

c.) <u>Facts</u>
<u>Regarding False Statement of Officer Sgt. Schlecker (bg# 2296)</u>
1.) Statement From Officer PFC Unger (bg.#2478) Police Report

(3)

and Affidavit "I Contacted Sgt Schlecker and was advised by him that Defendant R. Johnson had threaten to harm himself with a knife and had barricaded himself inside the apartment. Per instruction from Sgt Schlecker, I was to force the door and follow a Search/Apprehesion team into the apartment" "I then kick the door and it open"

"Facts Of The Case"

d.) Plaintiff the Defendant or Suspect had never spoken to Sgt Schlecker so his statement to Officer PFC. Unger (bg# 2478) and other officer list below was false
See: Officer PFC Unger (bg# 2478) Police Report
See: Officer Marc Alfree (bg# 2555) Police Report
See: Officer CPl Simpson (bg# 2320) Police Report

5.) a.) The officers lied saying that they thought I had three other people held in my house at knife point. That was why they say they kicked in my house doors. Fact of the case all my window spades was up and the officers had my house surrounded looking in every windows and threw the peep hole and threw cracks in the door. There was clear view of my whole house. officers communicated my whereabouts on radio. I heard them and I went to the window and saw them, and they saw me.

b.) The officers also kicked in my bedroom door. They had clear window view of my bedroom whole bedroom from two angles, by my bedroom window. They knew

(4.)

there were Noone in my bedroom. So Why they did not stop there were they was to get a warrent and Search warrent? Their Police Reports say they had clear view of me and my whole bedroom. They knew noone was there.

See: Officer Marc Alfree (bg#2555) Police Report
See: Officer PFC Unger (bg#2478) Police Report

c.) Facts
Regarding False Statement Of Officer Marc Alfree (bg#2555)

False Statement From officer Marc Alfree bg#2555 Police Report and Affidavit "Michelle continued to state that there are three other people in the aportment and Robert was armed with a knife and would not allow her or the others people to leave".

Fact Of The Case

d.) Office Alfree made up that false Statement as a ground to illegally and unConstitutionaly kick open my door without a warrent or Search warrent. But upon the officers arrival, You Could See into the house threw the Peep hole, Cracks in the door and all of the window Shades was up and the Curtains was open and up. You Could See threw the whole house, They Surround the house and Saw that there were Noone in the house but Plaintiff. Plus Michelle was the last person to leave the house I stayed.

(5.)

See: Officer Marc Alfree (bg #2555) Police Report
See: Officer CPL Simpson (bg #2320) Police Report
See: Officer Unger (bg.#2478) Police Report

6.) a.) The Officers also said that one assumed victim Michelle Roebuck had told them when asked that I probly was in the house committing suicide. Facts of the Case Michelle had left that Morning about 9:00 am as the officers state in their Police Reports. She came back about 8:00 Pm for a maximum of one minute, I which time the officers claim. She told them I pulled a knife on her, tried to rob her, and held her in the house at knife point. The event claimed to have taken about one minute. Concluding Michelle never told any officer that she saw me take any medication. The officers was at my house from 8:00 Pm till after 12:00 midnight. They personaly saw me take my prescription medication. The officers violated my 4th Amendment Constitutional Rights to Privacy by illegally and Unconstitutionaly looking in my window with-out a warrent or Search warrent. They lied and said Michelle told them I was Probable committing suicide to unconstitutonaly kick in my door and break in my house.

b.) <u>Facts</u>
Regarding False Statement of Officer Sgt Schlecker (bg# 2296)

(6.)

Officer Sgt Schlecker saw me take my medication while in my bedroom. He lied and Presented Fraud to officer Marc Alfree (bg# 2555) Stating " Sgt Schlecker ascertained from Michelle that She believed that Robert was inside overdosing on pills "

c.) Officer Sgt Schlecker lied to officer CPL Simpson (bg# 2320) See CPL Simpson Police Report Stating " Sgt Schlecker Standing in the doorway to the Apartment Writer was advised that Di (Johnson Ronald B/m) was in the apartment and that he is armed with a Knife, Writer was further advised that it is believed at this time that Di has taken a overdose of drugs."

See; Officer Marc Alfree (bg# 2555) Police Report
See; Officer CPL Simpson (bg# 2320) Police Report

" Facts Of The Case "

d.) Plaintiff had not had a knife in his hand since about 8pm it's 12:00 Midnight. I had not taken anything near a overdose on pills. The officer could see in the house and knew I did not have a knife and not one officer reported seeing me with a knife. And Michelle never told any officer she saw me take any pills.

7.) Conclusion

a.) The officers for over 2 years while Plaintiff was incarcerated could not justify why they Un-Constitutionally kicked in Plaintiff's Home door

(7.)

with-out a warrent or search warrent.

b.) The prosecuter at a Suppression Hearing said he do not know why the officers kicked in Plaintiff's Home doors

c.) The Trial Proceedings was held in State Court and Federal Court for Violation of Probation, with all the evidence the officer could bring, the officers could not get a conviction or prove one element of any offense or crime or violation. Nor could they justify the illegal and Unconstitutional Search and Seizure or invasion of my privacy Violations.

8.)       Damages

a.) Because of the illegal Search and Seizure, invasion of privacy, Fraud and false Charges et al., I was held in prison for over 2 years. The false Charges had me facing over 20 years. For about 2 year these officers tried to get me to plead guilty or be convicted of charges that carry over 20 years et. al.;

9.)       Relief Prayed

a.) Judgement in favor of Plaintiff for ($100,000.00) One Hundred Thousand Dollar of This Five Thousand Dollars Lawsuit Partual Payment on the Claim of illegal Seach and Seizure and invasion of Privacy Fraud, False Arrest malious prosecution et al.

(8.)

## Oath And Affidavit

I Declare and Affirm under penalty of Perjury that the foregoing is true and Correct

Affirmed And Declared December 6, 2007,  _Ronald Johnson_
                                                             Signed

## "Certificate OF Service"

I Declare and Affirm under penalty of Perjury that the foregoing is true and Correct and that a true and full Copy was Served on the parties below

Declare and Affirmed December 6, 2007  _Ronald Johnson_
                                                           Signed

### Parties Served

Ronald Stoner, P.A. Esq.
1107 Polly Drummond Plaza
Newark, Delaware 19711

Judith A Hildrick Esq.
87 Reads Way
New Castle Delaware 19720

Julie M Sebring
New Castle County Law Dept
87 Reads Way
New Castle, Delaware 19720

| Page: 1 | Report Date: 04/19/2005 | Agency: New Castle County PD | Complaint: 32-05-044934 |
|---|---|---|---|

## Supplemental Report

| Original Occurrence Dates and Times: FRI 04/15/2005 2300 thru FRI 04/15/2005 2323 | Grid 098-346 | Sector 31 |
|---|---|---|

Original Location:
1623 New Jersey AVE Manor Park Apts   New Castle, DE 19720
APT 2

### Investigative Narrative

AT APPROXIMATELY 0015 HOURS, I RESPONDED TO 1623 NEW JERSEY AVENUE APT 2 TO ASSIST OFFICERS WITH A DOMESTIC INVOLVING A KNIFE. I CONTACTED SGT SCHLECKER AND WAS ADVISED BY HIM THAT DEFENDANT R. JOHNSON HAD THREATENED TO HARM HIMSELF WITH A KNIFE AND HAD BARRICADED HIMSELF INSIDE THE APARTMENT. PER INSTRUCTIONS FROM SGT SCHLECKER, I WAS TO FORCE THE DOOR AND FOLLOW A SEARCH/APPREHENSION TEAM INTO THE APARTMENT. I KNOCKED LOUDLY AND ANNOUNCE COUNTY POLICE SEVERAL TIMES IN BOTH ENGLISH AND SPANISH. I ALSO TRIED THE DOOR KNOB BUT FOUND IT TO BE LOCKED. ADDITIONALLY, I OBSERVED THAT THE DEADBOLT LOCK ON THE DOOR HAD A KEY BROKEN OFF IN SAME MAKING THE USE OF A MASTER KEY IMPRACTICAL. I THEN KICKED THE DOOR AND IT OPENED. AS A RESULT OF MY KICKING, THE INTERIOR DOOR FRAME SUFFERED DAMAGE TO THE MOLDING. AFTER WE ENTERED THE LIVING ROOM, DEFENDANT JOHNSON RAN TO THE REAR BEDROOM AND ATTEMPTED TO FLEE OUT THE WINDOW. HE WAS OBSERVED BY SGT SCHLECKER AND REMAINED BARRICADED IN THE REAR BEDROOM. AT THIS POINT, I MOVED OUTSIDE TO ASSIST SGT SCHLECKER WITH COVERING THE EXTERIOR WINDOWS WHILE THE APPREHENSION TEAM TOOK JOHNSON INTO CUSTODY. I REQUESTED THAT MAINTENANCE RESPOND TO THE APARTMENT TO SECURE THE BROKEN DOOR. ███████████████ ARRIVED AT THE APARTMENT AND SECURED THE DOOR AND SCHEDULED A PERMANENT FIX FOR MONDAY APRIL, 18TH. NO FURTHER ACTION TAKEN BY WRITER.

| Reporting Officer: PFC UNGER - 2478 007 | Supervisor Approval: JAIME A DOLAN OJNCJAD Date 04/19/2005 0154 | | Status |
|---|---|---|---|
| Solvability Factors: ☐Witness ☐Suspect Located | ☐M. O. ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Described |

| Page: | Report Date: 04/16/2005 | Agency: New Castle County PD | Complaint: 32-05-044934 |
|---|---|---|---|

## Supplemental Report

| Original Occurrence Dates and Times: FRI 04/15/2005 2300 thru FRI 04/15/2005 2323 | Grid 098-346 | Sector 31 |
|---|---|---|
| Original Location: 1623 New Jersey AVE Manor Park Apts   New Castle, DE 19720   APT 2 | | |

### Investigative Narrative

WRITER WAS DISPATCHED TO 1623 APARTMENT 2 NEW JERSEY AVE. NEW CASTLE TO ASSIST OFFICER'S WITH A SUBJECT ARMED WITH A KNIFE, UPON ARRIVAL WRITER LOCATED SGT. SCHLECKER STANDING IN THE DOORWAY TO THE APARTMENT.

WRITER WAS ADVISED THAT D1 (JOHNSON, RONALD B/M) WAS IN THE APARTMENT AND THAT HE IS ARMED WITH A KNIFE, WRITER WAS FURTHER ADVISED THAT IT IS BELIEVED AT THIS TIME THAT D1 HAS TAKEN AN OVERDOSE OF DRUGS.

WRITER WITH SGT. SCHLECKER POSITIONED THE OFFICER'S AT D1'S APARTMENT DOOR AND THEN DETERMINED ENTRY ORDER SO THAT OFFICER'S ARE AWARE OF THEIR AREA OF RESPONSIBILITY.

WRITER MADE ENTRY AFTER THE DOOR WAS FORCED OPEN BY OFC. UNGER, AS THE FRONT DOOR WAS FORCED OPEN D1 FLED TO A REAR BEDROOM.

WRITER BEGAN TO GIVE VERBAL COMMANDS TO D1 TO COME INTO THE LIVING ROOM AREA, D1 REFUSED TO COMPLY TO VERBAL ORDERS, D1'S BEDROOM DOOR WAS THEN KICKED OPEN.

D1 WAS OBSERVED TO BE LAYING ON A BED WITH HIS HANDS TUCKED UNDERNEATH OF HIS BODY.

D1 REFUSED TO SHOW HIS HANDS AND HE THEN GOT OFF OF THE BED AND WALK TOWARDS WRITER, WRITER ADVISED THAT THE TASER IS BEING DEPLOYED.

WRITER PULLED THE TRIGGER TO THE TASER AND IT DID NOT FIRE THE PROBES IMMEDIATELY, WRITER THEN ATTEMPTED TO ADJUST THE PROBES AND IT THEN FIRED MISSING D1.

*Count 3 of warrant and 5 of Indictment*

☆ D1 THEN PUNCHED WRITER IN THE CHEST AREA WITH HIS RIGHT FIST CAUSING WRITER NO INJURY,

D1 WAS TAKEN TO THE GROUND BY WRITER AND OTHER ASSISTING OFFICER'S.

D1 PLACED HIS HANDS UNDERNEATH OF HIMSELF AGAIN AS HE WAS ON THE FLOOR.

D1 WAS AGAIN ADVISED TO PUT HIS HANDS OUT AND HE REFUSED, WRITER THEN CONDUCTED A DRY STUN

| Reporting Officer: CPL SIMPSON - 2320 002 | Supervisor Approval: VAUGHN M BOND OJNCVMB Date 04/16/2005 0709 |
|---|---|

| Page: 5 | Report Date: 04/16/2005 | Agency: New Castle County PD | Complaint: 32-05-044934 |
|---|---|---|---|

### Investigative Narrative - Continued

7. Stolen Property: No property was stolen reference this investigation.

8. Investigative Narrative: On stated date and time writer responded to 1201 N. DuPont Highway (Sunoco) reference to a domestic dispute with a weapon which occurred at above location. Upon writer's arrival, writer observed Ofc D. Price (#2520/NCCPD) already on scene and speaking with a black female, later identified as ████████. ████████ advised Ofc Price that she was involved in a dispute with her boyfriend, Robert Johnson, at their apartment. ████████ continued to state that there are three other people in the apartment and Robert was armed with a knife and would not allow her or the other people to leave. ████████ advised Ofc Price she was able to escape because an unknown male pushed Robert down and she ran out of the apartment.

At this time Ofc Price transported ████████ back to the scene and writer followed them. Upon arrival at the apartment, ████████ remained in the vehicle with Ofc S. Trudeau (#2587/NCCPD) while Ofc Price and writer responded to the apartment. Once at the apartment Ofc Price knocked on the door several times and very loudly and an unknown male (later identified as Robert Johnson) asked who was there. Ofc Price replied County Police. Robert would not answer the door so therefore he began to knock again. Robert again asked who was there and Ofc Price again stated the police and to open the door however Robert refused to answer the door.

By this time Sgt. R. Schlecker (#2296/NCCPD) was on scene and was briefed as to the incident. Sgt. Schlecker ascertained from ████████ that she believed that Robert was inside overdosing on pills. A perimeter was set up on the apartment and Cpl S. Simpson (#2320/NCCPD) was requested to assist since he carries a taser. Upon Cpl Simpson's arrival he was briefed as to the incident and it was determined by Sgt. Schlecker that forced entry was going to be made.

*Count 5*

A/Sgt. J. Unger (#2478/NCCPD) was on scene and forced the front door open. Cpl Simpson entered into the apartment with writer behind him after several loud and clear announcements were made. Robert refused to answer or identify himself in the apartment. As we began to clear the apartment Robert began to speak with Cpl Simpson. Sgt. Schlecker was out the building on the perimeter and reported that he observed Robert in the bedroom lying on the bed. As we approached the bedroom, we opened the door and observed Robert lying on the bed. At this point more loud and clear verbal commands were being issued by Cpl Simpson however Robert failed to comply. After a brief struggle Robert was taken into custody.

*Count 6*

Robert was tot Off K. Donohue (#2690/NCCPD) who escorted Robert to an awaiting ambulance for medical treatment. At the ambulance Ronald initially sat on the stretcher however when his legs were being strapped down he got up off the stretcher. Cpl Simpson then grabbed a hold of him and he pulled away. After another brief struggle Ronald was properly secured on the stretcher. Ronald was then transported to Christiana Medical Center for treatment.

Writer did make contact with Ofc Trudeau who stated she too spoke to ████████ while we were attempting to take Ronald into custody. ████████ advised Ofc Trudeau that they were

| Reporting Officer: OFC ALFREE  - 2555 2 | Supervisor Approval: VAUGHN M BOND  OJNCVMB Date 04/16/2005 0724 |
|---|---|

