IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-240 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| STATE OF DELAWARE, ANDREW VELLA, OFFICER MARC ALFREE, OFFICER CPL SCOTT SIMPSON, OFFICER PFC UNGER, OFFICER SGT. R. SCHLECKER, OFFICER GRAHAM, COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, MAYOR BAKER, NEW CASTLE COUNTY POLICE DEPARTMENT, and SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY AND ITS JUDGES, | : | |
| | : | |
| Defendants. | : | |

## UPDATED ANSWERS OF DEFENDANTS ALFREE, SIMPSON, UNGER, SCHLECKER AND GRAHAM TO PLAINTIFF'S SECOND DISCOVERY REQUEST

Defendants Alfree, Simpson, Unger, Schlecker and Graham ("County Defendants") hereby provide the following updated answers to Plaintiff's second discovery request. County Defendants reserve the right to supplement these answers pending additional investigation and discovery and as permitted by Fed. R. Civ. P. 26(e) and Orders of this Honorable Court.

1.a.    Do Sgt. Schlecker (officer) (Bg. #2296 NCCPD) den [sic] presenting fraud to other officer to have Plaintiff['s] door kicked in?

ANSWER:    Objection. This request is vague and ambiguous. By way of further answer, but without waiving the objection, yes.

1.b.    What was Sgt. R. Schlecker['s] (officer Bg. #2296 NCCPD) reason for ordering Plaintiff's door kicked open [on] April 15, 2005?

ANSWER:    Objection. This request is vague and ambiguous. By way of further answer, but without waiving the objection, please refer to the police reports already provided. For example, Officer Alfree reported that on the officers responded to "a domestic dispute with a weapon at [1623 New Jersey Ave, New Castle, DE]....Michelle [Roebuck] continued to state that there are three other people in the apartment and [Plaintiff] was armed with a knife and would allow ... the other people to leave....Once at the apartment, Officer Price knocked on the door several times and very loudly and an unknown male (later identified as [the Plaintiff]) asked who was there. Officer Price replied County Police. [The Plaintiff] would not answer the door so therefore [the officer] began to knock again. [The Plaintiff] again asked who was there and Officer Price again stated the police and to open the door. However [the Plaintiff] refused to answer the door. By this time Sgt. R. Schlecker...was on the scene and was briefed as to the incident. Sgt. Schlecker ascertained from Michelle that she believed that [the Plaintiff] was inside overdosing on pills....Upon Cpl. Simpson's arrival he was briefed as to the incident and it was determined by Sgt. Schlecker that forced entry was going to be made."

1.c.    Stating "denied" [does] not answer Plaintiff's Complaint regarding fraud present by Sgt. Schlecker. Defendant presented a Complaint stating Sgt. Schlecker presented fraud to

officer PFC Unger (Bg. #2478 NCCPD) that Plaintiff "R. Johnson had threaten to harm himself with a knife and had barricaded himself inside the apartment."

ANSWER:   Objection. This request is vague and ambiguous, and does not pose a question.

2.   What was the officers "probable cause" reason for kicking in Plaintiff Ronald Johnson['s] home door without a warrant or search warrant?

ANSWER:   Objection, to the extent that this request includes an allegation and/or includes a legal conclusion. By way of further answer, but without waiving the objection, please see the Answer to 1.b.

3.   Cpl. Simpson states "D1 was being verbal "very verbal" with ambulance crew." What was the relevance of that statement regarding criminal conduct of the Plaintiff on April 15, 2005?

ANSWER:   Objection. Included in the "Investigative Narrative" portion of Cpl. Simpson's police report, he stated the following, among other things: "D1 was being very verbal with the ambulance crew, as writer approached the ambulance D1 was trying to get off the stretcher." The items included in a police officer's Investigative Narrative are not required to be relevant to criminal conduct.

4.a.   Plaintiff request[s] to know [does] Officer PFC Unger (Bg. #2478 NCCPD) "deny" Plaintiff['s] claim that officers [were] at every window of Plaintiff['s] [home] on April 15, 2005 b.) [sic] looking in? c.) And had Plaintiff's whole home surrounded?

ANSWER:   Objection, this request is ambiguous. By way of further answer, but without waiving the objection, please refer to Officer Unger's police report, already provided to Plaintiff. Such report refers to "covering the exterior windows while the apprehension team took

[the Plaintiff] into custody," which took place after entrance into Plaintiff's apartment. The report does not reference whether police officers were outside the Plaintiff's home prior to that time.

5. Why didn't Officer Alfree (Bg. #2555 NCCPD) seek other victims, seeing he wrote in his police report he thought there were 3 others who [were] held at knife point [on] April 15, 2005[?] Although he may not [have] been able to get their names from Michelle A. Roebuck one assumed victim because she may not have known their "full name[s]." Why did he not seek them by description and part name or nickname?

ANSWER: Objection. This request is ambiguous. By way of further answer, but without waiving the objection, in addition to listing Michelle Roebuck as a victim, Officer Alfree also listed Officer Scott Simpson as a victim as a result of the Plaintiff having punched Officer Simpson in the chest.

6.a. Who was the physical arresting officer [on] April 15, 2005?

ANSWER: Objection. This request is ambiguous. By way of further answer, but without waiving the objection, the police reports, already provided to Plaintiff, indicate that Officer Donohue took custody of the Plaintiff when he was hand-cuffed.

6.b. Which officer book[ed] [the Plaintiff] on the charges?

ANSWER: The police reports, already provided to Plaintiff, indicate that Officer Stewart was dispatched for booking purposes.

6.c. Which officer read [Plaintiff his] rights and told me I was under arrest?

ANSWER: Objection. This request is vague and ambiguous. By way of further answer, but without waiving the objection, please refer to the answers to 6.a. and 6.b.

6.d.    Which officer told me my charges?

ANSWER:    Objection. This request is vague and ambiguous. By way of further answer, but without waiving the objection, please see Answer to 3.a.

6.e.    Which Justice of the Peace Court [did the Plaintiff] appear [in] to be arraigned on the charges of the incident [on] April 15, 2005?

ANSWER:    Objection. This request is vague and ambiguous. By way of further answer, but without waiving the objection, please refer to the police reports, already provided. Additionally, Officer Graham's police report indicates that the Plaintiff was taken to Justice of the Peace Court #11.

6.f.    Which Justice of the Peace Court [does the] New Castle County Police Department officers use?

ANSWER:    The officers of the New Castle County Police Department take arrested persons to whichever Justice of the Peace Court is appropriate for the area where the arrest took place.

7.    Why [did] the State [take] over 18 months to resolve the case, and it was dismissed because the State could not justify the illegal search and seizure. Why [did] the State violate the Plaintiff's 6th Amendment federal civil Constitutional rights to a speedy trial?

ANSWER:    Objection. This request is vague and ambiguous. Further, it states legal conclusions. Further, County Defendants are not responding on behalf of the State of Delaware.

/s/    Julie M. Sebring

Julie M. Sebring, Esq., (Id. # 2259)
Assistant County Attorney
Judith A. Hildick, Esq. (Id. # 3244)
First Assistant County Attorney

        New Castle County Law Department
        87 Reads Way, New Castle, DE 19720
        (302) 395-5130
        *Attorneys for Answering Defendants Officer Marc Alfree, Cpl Scott Simpson, Officer James Unger, Sgt. Robert Schlecker and Officer Michael Graham*

        <u>/s/   Ronald Stoner</u>
        Ronald Stoner (Id. # 2818)
        1107 Polly Drummond Plaza
        Newark, DE 19711
        (302)369-6400
        *Attorney for Answering Defendants Officer Marc Alfree, Cpl Scott Simpson, Officer James Unger and Sgt. Robert Schlecker*

Dated: August 8, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON<br><br>   Plaintiff,<br>v.<br><br>STATE OF DELAWARE, ANDREW VELLA, OFFICER MARC ALFREE, OFFICER CPL SCOTT SIMPSON, OFFICER PFC UNGER, OFFICER SGT. R. SCHLECKER, OFFICER GRAHAM, COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, MAYOR BAKER, NEW CASTLE COUNTY POLICE DEPARTMENT, and SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY AND ITS JUDGES, | C.A. No. 06-240 SLR<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Julie M. Sebring, hereby certify that on August 8, 2008, I caused to be served **Updated Answers of Defendants Alfree, Simpson, Unger, Schlecker and Graham to Plaintiff's Second Discovery Request** via the Clerk of the Court using CM/ECF electronic filing and Certified U.S. Mail to the following:

    Ronald G. Johnson
    Pro Se Plaintiff
    1107 Columbia Avenue
    Wilmington, DE 19805

    **NEW CASTLE COUNTY OFFICE OF LAW**

     /s/ Julie M. Sebring
    Assistant County Attorney
    New Castle County Government Center
    87 Read's Way
    New Castle, DE 19720
    (302) 395-5130